## WILLIAM DENNIS *v.* GEORGE G. BELT.

CONSTRUCTION OF CONTRACT TO TAKE CHARGE OF SHEEP.—Under a contract in writing between D. and B., made in the spring, by which B. is to take charge of D.'s sheep, and provide pasture for them, and keep the herders in provisions until green grass comes the following spring, and shear them in the fall and have the wool, and D. to furnish the herders, B. has the charge of the sheep, and the herders are his agents and under his command, and if they fail to perform their duty, and D. fails to furnish others, B. may do so at D.'s expense, and it is B.'s duty at the end of the term to deliver the sheep to D. upon demand, less the number lost by death or otherwise without B.'s fault.

COUNTERCLAIM IN ACTION FOR BREACH OF CONTRACT. — If the plaintiff's cause of action is for damages for the breach, on the part of defendant, of a written contract between the parties, the defendant may interpose in his answer a counterclaim for damages for a breach of the contract by plaintiff.

EVIDENCE OF AN ATTEMPT TO SETTLE THE MATTER IN DISPUTE.—In an action for damages for the breach of a contract, where the defendant sets up a counterclaim for a breach of the same contract, evidence of an effort to arbitrate and settle the matter is foreign to the issues joined, and not admissible.

APPEAL from the District Court, Thirteenth Judicial District, Merced County.

The facts are stated in the opinion of the Court.

*T. L. Carr*, for Appellant, argued that the Court below misconstrued the contract in holding that the sheep were under the special care and charge of the plaintiff, maintaining that by the terms of the contract itself the defendant had charge of the sheep, and cited Chitty on Contracts, p. 83. He also contended that the admission of evidence of an effort to arbitrate and settle was erroneous, and cited 1 Greenleaf on Evidence, Section 51; and that the declarations of the

herder were improperly admitted. He made the further point that the complaint was for the wrongful conversion of personal property, and that the counterclaim could not be interposed, as it arose upon a contract, and cited 4 Bosw. 192; 4 E. D. Smith, 195; Id. 34; and 10 How. Pr. R. 377.

*Caleb Dorsey*, for Respondent, argued that by a fair construction of the contract plaintiff was to employ and furnish the herders, and that the herders are his agents and under his command, and that plaintiff was to have charge of the sheep. He also argued that the declarations of the herder were properly admitted, because he was plaintiff's agent, and cited 1 Phil. on Ev. 507; and that the counterclaim arose out of the cause of action set forth in the complaint, and cited *Xenia Branch Bank* v. *Lee*, 7 Abb. 372; *Earl* v. *Bull*, 15 Cal. 425; and *Stoddard* v. *Treadwell*, 26 Cal. 305.

*P. L. Edwards*, for Appellant in reply, on the question of the counterclaim, cited *Lemon* v. *Trull*, 13 How. Pr. R. 248; *Vassar* v. *Livingston*, 3 Ker. 252; and 3 Abb. Pr. R. 187.

By the Court, CURREY, C. J.:

The parties entered into a contract bearing date the 22d of April, 1863, which is in the following words:

"Memorandum of agreement between William Dennis and George G. Belt—Belt agrees to take charge of Dennis' sheep that are now on the east side of the San Joaquin, and provide pasture for them; and also to keep the herders in provisions until green grass comes again; and Dennis agrees to give Belt all the wool he can shear from them all, to be sheared during the months of August and September, Dennis furnishing the herders, and Belt all the expenses attached to the shearing."

The plaintiff alleged in his complaint that he delivered to the defendant under said agreement eight thousand nine hundred and sixty-three head of sheep, of which the defendant returned to him only seven thousand three hundred and thirty

—that is, sixteen hundred and thirty head less than the number delivered, which number, it is alleged in the complaint, the defendant failed and refused to deliver to the plaintiff, and therefore he demanded judgment for their value at one dollar and fifty cents a head, amounting in the aggregate to two thousand four hundred and forty-five dollars.

The defendant, in answer to the complaint, alleged that only eight thousand six hundred and twenty-two head of sheep was delivered to him, and denied that plaintiff performed his part of the agreement, but, on the contrary, he alleged that the herders which the plaintiff furnished were inefficient, and that at divers times while the sheep were in the possession of defendant, the herders abandoned their work without the knowledge or consent of the defendant, of which he, in due time, gave notice to the plaintiff and requested him to furnish herders according to the agreement, which plaintiff utterly failed to do. The defendant further alleged that he returned to the plaintiff seven thousand four hundred and thirty-three head of said sheep, which were all that he received, except the number lost by the negligence and inefficiency of the herders, and other reasonable and usual losses in such cases. And he alleged further that the loss was a reasonable loss, in view of the circumstances of the condition of the sheep when he received them, and of the negligence and inefficiency of the herders, whom it was the duty of the plaintiff under the agreement to provide for the management and care of the sheep. The defendant further averred that the sheep did not yield as great an amount of wool at the shearing as they would have yielded had the plaintiff complied with his contract, and that by reason of his failure to comply with his agreement to furnish herders to take care of the sheep, the defendant was damaged by loss in the wool in the sum of fifteen hundred dollars, for which sum as damages he prayed judgment against the plaintiff.

The cause was tried before the Court without a jury. The Court found that in pursuance of said agreement the plaintiff

32

delivered to the defendant eight thousand nine hundred and twenty-seven sheep, in the care of his own herders. That the defendant provided pasture for them, and fully performed his part of the agreement. That the plaintiff did not furnish a sufficient number of herders to take care of the sheep, and that those whom he did furnish were not good and efficient herders; in consequence whereof the sheep were badly herded, became poor and did not yield near as much wool as they would have done had they been properly herded and been in good condition. That if the sheep had been properly cared for they would have yielded two pounds and a quarter of wool per head, whereas they yielded only one pound and twenty-seven hundredths of a pound per head, making a loss to the defendant of ninety-eight one-hundredths of a pound per head, and that the wool was worth twenty cents per pound; and the Court further found that the defendant did not appropriate any of said sheep to his own use, and then concluded in these words;

"Upon the foregoing findings of fact the Court finds the conclusion of law to be as follows;

"First—That under the contract defendant was not responsible for the loss of any sheep; that all he had to do was to provide them with pasturage, and to supply the herders with provisions; that the sheep were under the special care and charge of the plaintiff or his herders, and that defendant was not responsible for their negligence.

"Second—That the defendant has suffered damage to the amount of thirteen hundred and fifty dollars in consequence of the plaintiff not fulfilling his part of the contract, and is entitled to judgment against the plaintiff for that sum, together with costs of suit."

Judgment was entered upon this finding in favor of defendant against the plaintiff for one thousand three hundred and fifty dollars, and costs of the action in the sum of eight hundred and forty dollars and five cents. A motion for a new

trial made on the plaintiff's behalf was denied, and in due time the plaintiff appealed.

The parties do not agree as to their respective duties and obligations under the contract entered into between them. How they could differ on the subject it is not easy to understand. The meaning of the agreement is patent upon its face. Belt's obligation was to take charge of the sheep, provide pasturage for them, and to furnish to the herders necessary provisions until green grass should come again, for which he was entitled to the wool to be taken from the sheep at the shearing, which was to be at his own expense, in the months of August and September next following the date of the contract. In consideration of the services and benefits to be rendered by Belt, Dennis agreed to give him all the wool of said shearing, and to furnish the necessary herders to take charge of the sheep under the charge and general management of Belt. Nothing was provided in the agreement in reference to defendant's returning the sheep to the plaintiff at the end of the term for which he received them, nor was this necessary, as at the end of the term the plaintiff was entitled to them upon demand on the defendant, less the number which were lost by death or otherwise, without the defendant's fault.

By the agreement, as already observed, the defendant contracted to take charge of the sheep and provide for them. The herders necessary for the care of the sheep were to be furnished by the plaintiff, and the defendant was to provide such necessaries for them as were proper for their subsistence. The herders were the subordinates of the defendant. It was their duty to obey his commands, notwithstanding they were employed by the plaintiff, because the defendant by the contract had the charge, which included the care of the sheep. If the herders abandoned their work without sufficient cause, it was the plaintiff's duty to furnish others, and in case he failed to do so, then the defendant might employ the requisite force for the purpose at the plaintiff's expense. This is all that it is important to say of the contract between the parties.

The plaintiff objects that the judgment cannot be sustained because the counterclaim of the defendant cannot be interposed to the action of the plaintiff. The cause of action set forth in the complaint purports to be founded upon the contract, and in effect is for damage for a breach of it, consisting in the defendant's failure and refusal to return the number of sheep which he was, under the contract, in duty bound to return at the end of the term for which he had received them.

The counterclaim which the defendant interposed and on which he obtained judgment, was for damage for a breach of contract, whereby the defendant failed to obtain as large a quantity of wool as he would have obtained had the plaintiff fully performed the contract on his part. The forty-seventh section of the Practice Act defines a counterclaim to be one existing in favor of one of the parties against the other, between whom a several judgment might be had in the action, and arising out of one of the following causes of action :

First—A cause of action arising out of the transaction set forth in the complaint or answer, as the foundation of the plaintiff's claim or the defendant's defense, or connected with the subject of the action.

Second—In an action arising upon contract, any other cause of action arising also upon contract and existing at the commencement of the action.

The breach of the contract on the defendant's part was the foundation of the plaintiff's claim for damages. His cause of action arose out of the contract set forth in the complaint, and the counterclaim for damages, because the defendant did not obtain as much wool and consequently profit as he would have done had the plaintiff performed his agreement, arose upon and out of the same contract, and therefore could be interposed by the defendant under the first subdivision of the forty-seventh section of the Act.

Upon the trial the defendant was permitted to prove that the plaintiff's son and the agent of the defendant made an effort to arbitrate and settle the subject matter of this suit, notwithstanding the plaintiff's objections that such testimony

was irrelevant. We think it quite unnecessary to say more upon this subject than that such evidence was foreign to the issues joined between the parties, and should have been excluded.

The defendant was also permitted, notwithstanding the plaintiff's objection thereto, to introduce the evidence of the declarations of one of the herders as to the loss of some of the sheep, on the ground, it would seem, that he was the agent of the plaintiff. This evidence we think was inadmissible in view of the relation which the herder held to the defendant as his subordinate or servant, having the charge and care of the sheep, and that the Court erred in admitting hearsay evidence of the declarations of the herder.

The judgment is reversed and a new trial ordered.